UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

MICHAEL HALL and GLADYS HALL,

    Plaintiffs,

v.                                                            Civ. No. 20-450 MV/GJF

SELECTQUOTE INSURANCE
SERVICES, et al.,

    Defendants.

## ORDER FOR PAYMENT OF EXPENSES

THIS MATTER is before the Court upon Plaintiffs' "Application for Fed. R. Civ. Pro. 37 Award of Attorney Fees" [ECF 50] ("Motion"). The Motion is fully briefed. *See* ECFs 59 (Response), 61 (Reply); 63 (Surreply).[1] As further explained below, the Court will **GRANT** the Motion by requiring Defendant SelectQuote to pay Plaintiffs $3,575.00 as reasonable expenses incurred by Plaintiffs in making their motion to compel.

## I. BACKGROUND

Plaintiffs' "First Motion to Compel Discovery" [ECF 29] ("Original Motion"), filed on September 18, 2020, complained of Defendant SelectQuote's responses to eight interrogatories (## 1, 2, 4-6, 9, 10, and 13) and four requests for production (## 6, 10, 16, and 20). After the Original Motion was filed – and doubtless because it had been filed – the parties negotiated an agreement as to most of the disputed requests, such that only three (interrogatories numbers 6, 9, and 10) remained in dispute by the time of the Court's November 20, 2020 hearing. ECFs 46 (joint

---

[1] On December 23, 2020, Defendant SelectQuote Insurance Services moved to file a surreply [ECF 63], which included Defendant's proposed (8-paragraph) surreply. Because Plaintiffs' "failure … to file and serve a response in opposition to [this] motion within the time prescribed for doing so [i.e., 14 calendar days] constitutes consent to grant the motion," D.N.M.LR-Civ. 7.1(b), the Court hereby **GRANTS** Defendant's motion [ECF 63] and considers the content of the surreply.

notice), 48 (clerk's minutes).  Interrogatory number 6 essentially sought information on any call made to Plaintiffs since January 2019 that could be tracked back to some business connected to SelectQuote.[2]  Interrogatories number 9 and 10 essentially sought any information within SelectQuote's possession, such as documentation and communications, that concerned Plaintiffs (and requested a privilege log for information that SelectQuote believed was privileged).[3]  At the hearing, the Court made the following findings regarding interrogatory 6:

> [T]he manner in which Defendant SelectQuote used other companies, including Inside Response, LLC, to make initial contacts with potential customers [is] both "relevant … and proportional to the needs of the case."  In addition, … SelectQuote's response to this interrogatory [was] deficient and without good excuse.

ECF 48 at 1-2 (quoting Fed. R. Civ. P. 26(b)(1)).  Similarly, the Court found that the information requested in interrogatories 9 and 10 was also "relevant and proportional" and that SelectQuote's response—including "[its] failure to provide a privilege log thus far"—was again "deficient and without good excuse."  ECF 48 at 2.

In light of these findings, the Court ordered that "SelectQuote shall—fully and in good faith—supplement the following:"

1. its response to Plaintiffs' interrogatory number 6, including by (a) producing the call from Inside Response, LLC, to Plaintiffs that Mr. Cunningham

---

[2] This interrogatory requested the following: "List by date, time and length of the call each and every phone call or text to or from Plaintiffs or Plaintiff's phone number stated in Plaintiff's Complaint since January 1, 2019 you are aware of, that you have the ability to be made aware of, or that your records, employees, contractors, lead-vendors, lead-generators, marketing partners or sub-contractors indicate was made to Plaintiff or Plaintiff's phone number stated in Plaintiff's Complaint, and identify to the best of your knowledge, information and belief the person(s) or entities who made or initiated each such call.  This includes calls placed that were not answered and that were cancelled and/or abandoned. Include in your answer identification and description of the originating telephone numbers, the dialing system, software and equipment used for each call to Plaintiff or his phone."  ECF 29-1 at 5.

[3] These interrogatories requested the following: "List, identify and describe in detail all documents, tangible items, statements and communications you have received or reviewed from any person or source [or communications you have made or sent by any method] since January 1, 2019 that were specifically about, included or were pertaining to Plaintiff or Plaintiff's phone number stated in Plaintiff's Complaint. If you want to hide, keep secret or confidential or not fully disclose any such documents, tangible items, statements or communications, explain in detail why you believe you have any right to do so, and provide a privilege log regarding the items you want to hide and keep secret or confidential."  ECF 29-1 at 7.

>   identified at the hearing and (b) running a thorough search to ensure that, in addition to this call from Inside Response and the calls from Defendant Crisp Marketing, LLC, there are no other calls to Plaintiffs that can *in any way* be traced back to a business connection with Select Quote; and
>
> 2. its responses to Plaintiffs' interrogatories number 9 and 10—without limitation as to where Select Quote has received [or] sent the information. In doing so, Select Quote shall (a) amass *any* information that involves Plaintiffs or their phone numbers and determine if any such information is privileged, (b) disclose any of this information that is not privileged, and (c) produce a privilege log for any remaining information that Select Quote claims is privileged.

ECF 49 at 1. In addition, to aid the court in "determin[ing] how much of [Plaintiffs' counsel's] fees should be paid," the Court required Plaintiffs' counsel to "submit billing records for his work on this issue, from the time that this issue arose through the end of the [November 20, 2020] hearing." ECF 48 at 2-3 (citing Fed. R. Civ. P. 37(a)(5)(A)) (also permitting SelectQuote to "submit a response to these billing records").

## II. APPLICABLE LAW

If a motion to compel discovery is granted, the court "*must*, after giving an opportunity to be heard, require [the party avoiding discovery] … to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).[4] "But the court *must not* order this payment" if one of the following conditions are met:

>   (i)   the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
>   (ii)  the opposing party's nondisclosure, response, or objection was substantially justified; or
>
>   (iii) other circumstances make an award of expenses unjust.

*Id.* (emphasis added).

---

[4] The Court provided SelectQuote's counsel an extensive opportunity to be heard on this topic near the conclusion of the hearing on the motion to compel as well as to respond in writing to Plaintiffs' counsel's request for fees. *See* ECF 48 (minutes of hearing) at 2-3.

The Tenth Circuit "review[s] for abuse of discretion the district court's decision to award Rule 37 attorney fees and the amount of the award" and "review[s] underlying factual findings for clear error." *Centennial Archaeology, Inc. v. Aecom, Inc.*, 688 F.3d 673, 678 (10th Cir. 2012) (citing *Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1236-37 (10th Cir. 1998)). "A Court abuses its discretion when its decision is 'arbitrary, capricious, whimsical, or manifestly unreasonable' … [or based] 'on an erroneous view of the law.'" *Layng v. Rael (In re Rael)*, 753 F. App'x. 649, 657 (10th Cir. 2018) (unpublished) (quoting *Coletti v. Cudd Pressure Control*, 165 F.3d 767, 777 (10th Cir. 1999); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, (1990)).

## III. ANALYSIS

### A. Plaintiffs Sought Discovery in Good Faith

The Court finds that, before filing their motion to compel discovery, Plaintiffs "attempt[ed] in good faith" to obtain the answers to interrogatories 6, 9, and 10 without court action. SelectQuote asserts that "[it] tried on multiple occasions to work with plaintiffs to identify and resolve [the] discovery disputes," that "its counsel were cooperative in addressing plaintiff's disputes, as best as they could be ascertained," that "plaintiffs' counsel was rarely if ever forthright," and that the parties' email correspondence demonstrates that "plaintiffs were not attempting to resolve the evolving discovery dispute in good faith." ECF 59 at 3-6 (citing ECF 59-1 (email correspondence)). The record, however, shows that Plaintiffs *attempted* in good faith (albeit unsuccessfully) to obtain adequate answers to these three interrogatories before filing the motion to compel. For instance, Plaintiffs' counsel sent SelectQuote's counsel a formal letter, which explained that SelectQuote "simply has not answered Interrogatories 6, 9, and 10" and requested that SelectQuote at least provide "the basic information" sought by these interrogatories, such as business records regarding Plaintiffs and any other records "about the calls and

4

conversations with Plaintiff[s]." ECFs 29-2 at 8; *see also* 59-1 at 7 (Plaintiffs' counsel resending this August 24, 2020 letter on September 1, 2020, as it was either never received or never emailed on August 24th). In addition, Plaintiffs' counsel discussed its concerns with SelectQuote's counsel over the phone and email—and even tried to obtain the agreement of SelectQuote's counsel to schedule an informal conference with the Court. *See* ECF 59-1.[5] Furthermore, the question posed by Rule 37(a)(5)(A)(i) is not whether Plaintiffs' counsel could have done even more, whether this dispute could possibly have been resolved differently, or how long SelectQuote can delay providing basic discovery items—but rather whether Plaintiffs attempted in good faith to obtain the discovery before filing their motion. This Court finds that they did.

### B. SelectQuote's Nondisclosure Was Not Substantially Justified

The Court further finds that Select Quote's deficient responses to these interrogatories were without good excuse—i.e., not "substantially justified." SelectQuote appears to suggest that it was justified in withholding information requested by these interrogatories (i.e., calls made to Plaintiffs that could be tracked back to some business connection with SelectQuaote, along with any other non-privileged information SelectQuote possessed that concerned Plaintiffs) because such requests were too "generalized," too difficult to "ascertain[]," and simply too confusing in light of "the uncertain nature of what was truly at issue." ECF 59 at 4, 6-7; *but cf. id.* at 8 (SelectQuote acknowledging that "[t]his is not a complicated case"). Nevertheless, not only does SelectQuote "not dispute that this information is discoverable," ECF 59 at 7, it has provided no legal argument

---

[5] Although SelectQuote's counsel stated that he was "[n]ot opposed as *an idea* of course"—i.e., theoretically—to an informal conference, counsel never expressly agreed to such a conference and repeatedly sought to avoid being "forced to get on a call with [the Court]" by seeking even more time to address Plaintiffs' discovery request. ECF 59-1 at 4-8 (emphasis added). Furthermore, although this discovery dispute was, as the Court observed, "almost a perfect example of a dispute that could have been resolved less formally and outside of a motion to compel," ECF 48 at 1, Rule 37(a)(5)(A) does not require a party to schedule such an informal conference before its attempts to obtain the disputed discovery without court action may be deemed to have been in good faith.

5

for why any such non-privileged information would not be discoverable.  *See* ECF 59 at 6-9.  Instead, it relies on a factual assertion that the request itself was simply too hard to understand—and the implication that the request could not have been adequately answered absent an exorbitant amount of clarification, if not handholding, by Plaintiffs.  But the Court finds that such excuses are neither good excuses nor the substantial justification required by Rule 37(a)(5)(A)(ii).

### C.  An Award of Expenses Is Not Unjust

The Court also finds that an award of expenses is not unjust in this instance.  SelectQuote argues that, because Plaintiffs have brought a claim under a fee-shifting statute, an award of expenses would be unjust because—were Plaintiffs to prevail on their claims in this case or on their claims in a similar case in this District, *Hall v. Inside Response, LLC, et al.,* No. 20cv1001-KWR/KRS—they might receive "double fees" at the end of the litigation.  ECF 59 at 9-10.  But SelectQuote cites no authority suggesting that an award of attorney's fees under Rule 37 is unjust simply because the case involves a fee-shifting statute or has discovery that overlaps with another case.  *See id.*; *see also Centennial Archaeology, Inc. v. Aecom, Inc.*, 688 F.3d 673, 680 (10th Cir. 2012) (observing that "[t]he purpose of Rule 37 attorney-fee sanctions would be thwarted if a party could escape the sanction whenever opposing counsel's compensation [would be] unaffected by the abuse" and that "[t]he rules should deter the abuse implicit in carrying or forcing a discovery dispute to court when no genuine dispute exists" (quotation omitted)).

Furthermore, there is no guarantee that Plaintiffs will prevail in this lawsuit, so there may be no occasion for fee-shifting at all.  It is much better that the Court order the fees paid now under Rule 37 even if they have to be deducted later to avoid double-billing.

### D.  SelctQuote Must Only Pay Plaintiffs' Reasonable Expenses

Plaintiffs must "prove and establish the reasonableness of each dollar, each hour, above

zero," *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995) (internal quotation marks and citation omitted)—particularly by providing "evidence supporting the hours worked and rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 432 (1983).[6] "Where documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.* at 433. In addition, Plaintiffs should "make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434. Furthermore, Plaintiffs must "provide evidence of the prevailing market rate for similar services by lawyers of reasonably comparable skill, experience, and reputation in the relevant community." *Lippoldt v. Cole*, 468 F.3d 1204, 1224-25 (10th Cir. 2006) (internal quotation marks and citations omitted). "To determine a reasonable attorneys fee, the district court must arrive at a 'lodestar' figure by multiplying the hours plaintiffs' counsel reasonably spent on the litigation by a reasonable hourly rate." *Jane*, 61 F.3d at 1509; *see also id.* at 1510 (observing that "[t]he setting of a reasonable hourly rate is within the district court's discretion" and that "[h]ourly rates must reflect the prevailing market rates in the relevant community" (internal quotation marks and citation omitted)).

Plaintiffs have most recently requested $10,000 as their "reasonable expenses incurred in making the motion," Fed. R. Civ. P. 37(a)(5)(A). ECF 50-1 at 4. Specifically, Plaintiffs assert that counsel incurred precisely $10,010 in reasonable expenses—represented by 30.8 hours of work at $325 an hour—to make Plaintiffs' motion to compel. *Id.* at 1-4; *but cf.* ECFs 29 at 13 (Plaintiffs' original motion, requesting $1,500 in expenses), 40 at 13-14 (Plaintiffs' reply, requesting $4,000 in expenses). After meticulously reviewing counsel's billing records, however, the Court finds that—as a "reasonable expenses incurred in making the motion [to compel]"— only 13.0 hours of work are both adequately supported by the documentation and not "excessive,

---

[6] *See also Jane*, 61 F.3d at 1510 (requiring the attorneys in such instances to keep "*meticulous* time records that reveal all hours for which compensation is requested and how those hours were allotted to specific tasks" (emphasis added)).

redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 432-34.[7]  In addition, although Plaintiffs' counsel presents the Court with his own affidavit in the reply brief regarding a reasonable hourly rate, such evidence does not sufficiently establish that "the prevailing market rate for *similar services* by [comparable] lawyers … in the relevant community" is $325 an hour. *Lippoldt*, 468 F.3d at 1224-25 (emphasis added).  Instead, the Court finds that a reasonable hourly rate for such similar services is $275 per hour.  *See also Munoz v. FCA US LLC*, Civ. No. 17-881 WJ/SCY, 2020 WL 6126454 at *3 (generally citing cases in which hourly rates ranging from $250 to $350 were awarded—but not discussing comparable attorneys' services that were similar to those provided by Plaintiffs' counsel).  Consequently, the Court will award Plaintiffs' counsel $3,575.00 (13.0 hours x $275/hour) in reasonable expenses incurred in making the motion to compel.

## IV.  CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion is **GRANTED** to the extent that Defendant SelectQuote shall, **no later than February 26, 2021,** pay to Plaintiffs' counsel **$3,575.00** as reasonable expenses incurred by Plaintiffs in bringing and litigating their motion to compel.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

---

[7] Specifically, the Court finds that Plaintiffs' counsel reasonably incurred the following adequately supported, and not "excessive, redundant, or otherwise unnecessary," amounts of time in moving to compel: 4.4 hours drafting and filing the motion to compel, 1.0 hours addressing issues raised by Defendants' motions to extend response deadlines, 3.0 hours for the reply brief, 1.5 hours for the joint notice and hearing preparations, and 3.1 hours for further hearing preparations and the hearing.  *See* ECF 50-1 at 2-3 (counsel's itemized billing statement).